Lessee of David Davis, John Jackson, and Anne his wife *against* George Butterbach, Henry Butterbach, John Butterbach, Jacob Myer, Henry Crow, Matthias Crow and Israel Titler.

The notoriety of an adverse claim in the neighborhood, may be shown in evidence. On general principles, a party is concluded by the lines of his patent.

Ejectment for lands in Montgomery township.

The lessors of the plaintiff claimed under two licenses from Samuel Blunston esq., to James Coeburn and Jonathan Coeburn, dated 27th February 1734-5 and 29th May 1735, for 300 acres of land each, situate on the north west side of Conegochege creek. On the 21st June 1737 a survey of 1050 acres was made thereon, 611 acres and allowance lying on the north side of the temporary line between Pennsylvania and Maryland, and 439 acres and allowance lying on the south side of the said line ; for which last mentioned quantity of land, the ejectment was brought. In 1744 and 1743, 70*l.* was paid on account of the licenses into the receiver general's office. On the 4th November 1746, a warrant of acceptance issued to receive the survey made as aforesaid, into the surveyor general's office ; and on the succeeding day, a patent issued to Philip Davis, (who had purchased the licenses) for 611 acres and allowance, reciting that only a part of the survey had been returned, in consideration of 64*l.* 14*s.* 1*d.*

The agreement between the proprietaries of Pennsylvania and Maryland, dated 10th May 1732, which was followed by the royal order of 25th May 1738, secured the lands to the purchasers under either title ; and their subsequent agreement of the 4th July 1760, declared that it should not prejudice their respective grantees, or those claiming under them. 1 Vez. 444, 449.

In the course of the cause the general reputation of the country, that Philip Davis and his sons, after his death, had a claim to these lands, was offered in evidence on the part of the plaintiff, and objected to.

But by the court. Reputations of title, is good evidence attended with other circumstances. 1 Ld. Raym. 411.

The notoriety of an adverse claim in the neighborhood, may be shown in testimony ; though it is not so strong as if express notice was proved to the parties in possession.

It appeared in evidence, that neither the lessors of the plaintiff, nor those under whom they claimed, had been in possession of the lands on the south side of the temporary line, nor paid any part of the consideration money into the receiver general's

office. On the contrary, it was proved that David Davis, and those under whom the lessors derived their title, were present at different times when the lines ° of the adverse surveys were run, and assisted therein, making no pretentions thereto. They were also occasionally present, and knew of the defendants' making improvements to a considerable extent, (in some of. which the said David Davis personally assisted,) but gave no notice of their title.

The defendants' counsel offered to deduce their several titles, under Maryland patents, in conformity to the agreement between the late proprietaries, but were stopped by the court, who said that the case was two clear to need further proof. On general principles the lessors of the plaintiff are concluded by the lines of the patent taken out by their ancestors, Philip Davis.

No special circumstances exist here, to form an exception to the common rule. On the contrary, it has been shown, that none of the claimants under the licenses ever had possession of, or paid one farthing for, the lands to the south of the temporary line ; nay more, they assist in making surveys, building barns, &c. on the disputed lands,· and know of valuable improvements making thereon, without giving any notice of their title. However good the plaintiffs title might have been in its inception, it ought to have been pursued with due vigilance. The conduct òf Philip Davis and his family, and their delay and laches, have been of such a nature, that their title must necessarily be postponed.

Plaintiff nonsuit.

Messrs. Duncan, Clugget and C. Hartley, *pro quer.*
Messrs. Hamilton, Bowie and S. Riddle, *pro def.*